**FILED**
**CHARLOTTE, NC**

JAN 13 2011

**US DISTRICT COURT**
**WESTERN DISTRICT OF NC**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.  3:12cr5-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CONSENT ORDER AND |
| | ) | JUDGMENT OF FORFEITURE |
| v. | ) | (PRELIMINARY) |
| | ) | PENDING RULE 32.2(c)(2) |
| CHRISTOPHER     ROBIN     "PAUL" | ) | |
| MALETTO, | ) | |
| | ) | |
| Defendant. | | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.     The following property of defendant is forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(2), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. _ 853(n), pending final adjudication herein:

**One Seagate hard drive;**

**One Western Digital hard drive;**

**CDs and DVDs;**

**One thumb drive;**

**One external hard disk drive, serial number 2GEXTMCJ; and**

**One Dell Dimension E310 computer, all such items seized from 2125 Southend Drive,          Apartment 439, Charlotte, North Carolina.**

2.     The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3.     If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. _ 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4.      Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6.      As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(2). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
KIMLANI FORD, ESQ.
Assistant United States Attorney

_____
CHRISTOPHER ROBIN MALETTO
Defendant

_____
C. MELISSA OWEN, ESQ.
Attorney for Defendant

Signed this the _13th_ day of January, 2012.

_____
HONORABLE DAVID C. KEESLER